IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                  CRIMINAL ACTION NO. 2:18-cr-00062

ANTHONY MICHAEL MOWERY

MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se, letter-form motion for compassionate release, [ECF No. 40], filed by Defendant Anthony Michael Mowery. In deciding such motions, the court will consider whether the defendant has exhausted his administrative remedies, demonstrated "extraordinary and compelling reasons," and the § 3553(a) factors. To establish "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate two criteria: first, that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19; second, that he or she is at a facility which cannot effectively prevent the spread of the virus.

I.     Background

On October 4, 2018, I sentenced Mr. Mowery to 63 months of imprisonment followed by 3 years of supervised release after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 30]. Mr. Mowery has a projected release date of October 9, 2022. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 11, 2021).

Mr. Mowery is currently imprisoned at United States Penitentiary Hazelton in Bruceton Mills, West Virginia. USP Hazelton is a high security penitentiary with an adjacent minimum security satellite camp. USP Hazelton currently houses 1,407 total inmates. *USP Hazelton*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/haz/ (last visited May 11, 2021). As of May 11, 2021, there is only one active case of COVID-19 among prisoners and two active cases among staff at USP Hazelton. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited May 11, 2021). Mr. Mowery requests compassionate release for two reasons. First, in relation to the COVID-19 pandemic, Mr. Mowery alleges he suffers from obesity and is at an increased risk of severe illness from COVID-19. Apart from the pandemic, Mr. Mowery requests release because his wife, the sole caretaker of his children and grandchildren, is extremely ill.

## II. Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before a defendant makes such a request, he must ask BOP to do so on his behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition

2

of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at \*3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that puts him or her more at risk for developing a serious illness from COVID-19 *and* his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2021). However, I have held that

an inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been vaccinated against the disease. *United States v. Clark*, 2:17-cr-00062-2, 2021 WL 277815, at *2 (S.D. W. Va. Jan. 27, 2021).

### A. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Mr. Mowery attached documentation to his motion showing that he requested compassionate release from the warden at USP Hazelton in April 2021. [ECF No. 40, at 2]. However, that request was based on Mr. Mowery's claim that he had a debilitating medical condition. It was denied because the medical provider at USP Hazelton determined Mr. Mowery did not have such a condition. In addition, the Government recognized in its Response that Mr. Mowery requested compassionate release in February 2021 based upon obesity and his wife's physical condition. [ECF Nos. 42, at 2; 42-2]. Because more then thirty days have passed since Mr. Mowery's requests to the warden, I find that he has satisfied the exhaustion requirement.

### B. Extraordinary and Compelling Reasons and the 3553(a) Factors

Mr. Mowery makes two separate arguments that extraordinary and compelling reasons exist for his release. First, Mr. Mowery requests compassionate release because his wife is in poor health and is the sole caregiver for their children and grandchildren. The Government argues that Mr. Mowery has not attached any documentation or otherwise provided evidence to support his claim regarding his wife's health. Further, in relation to the COVID-19 pandemic, Mr. Mowery argues he is obese and is at a higher risk for severe illness should he contract the virus. But as I have explained, a defendant cannot demonstrate extraordinary and compelling reasons for release by reason of COVID-19 if he has been vaccinated. The Government attaches documentation showing that Mr. Mowery received the first dose of the

COVID-19 vaccine on April 6, 2021. His second vaccination dose was not due to take place until after the date of the Government's Response to this Motion.

Even assuming Mr. Mowery has not yet been fully vaccinated, and assuming he can provide support for his claims regarding his wife's health, I would not grant his motion for compassionate release because the 3553(a) factors do not support release. 18 U.S.C. § 3553(a) instructs courts to consider several factors when determining and imposing a sentence including, but not limited to the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, afford adequate deterrence, promote respect for the law, and protect the public. Mr. Mowery's offense of conviction in this case is felon in possession of a firearm, a very serious offense which must be deterred and from which the public must be protected. In addition, Mr. Mowery has prior convictions for battery, destruction of property, unlawful assault, child abuse, petit larceny, possession of a controlled substance, obstruction, and fleeing, among others. Given Mr. Mowery's criminal history, the seriousness of his offense, the need to promote respect for the law, and the need for deterrence, I am convinced that compassionate release is not appropriate at this time.

### III. Conclusion

The Motion [ECF No. 40] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 11, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5